UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID W. TOMS | CIVIL ACTION NO. 05-0847 |
| versus | JUDGE STAGG |
| LINKS SPORTS MANAGEMENT GROUP, L.P., ET AL. | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM ORDER

**Introduction**

Before the court is Plaintiff's Motion to Compel (Doc. 47). The motion seeks to compel the deposition of Chad Campbell, another professional golfer, who is client of Defendant. For the reasons that follow, Plaintiff's motion to compel is **denied**.

**The Proper Scope of Discovery**

To resolve the motion to compel, it is necessary to review the actual claims asserted by Plaintiff. This is so, because the 2000 Amendments to Rule 26 changed the scope of discovery from matters "relevant to the subject matter involved in the pending action" to matters "relevant to the claim or defense of any party." Absent an order expanding the scope of discovery for good cause shown, discovery generally should not be allowed for the purpose of developing new claims or defenses not already pleaded. See Fed. R. Civ. P. 26(b)(1) and Advisory Committee Notes to the 2000 Amendments. In each instance, the

determination whether information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action.  Id.

**Summary of Plaintiff's Claims**

Plaintiff's lawsuit generally alleges that he and Defendant are parties to a written contract; that Defendant breached the contract by not diligently developing, negotiating or managing prospective merchandising endorsements or sponsorships for Plaintiff; that Defendant alienated existing clients and other business associates of Plaintiff; that Defendant has not treated Plaintiff fairly, preferring instead to promote other golfers at the expense of Plaintiff; that Defendant has recouped fees to which it is not entitled under the contract; that Defendant held large endorsement checks for long periods of time, thereby depriving Plaintiff of interest on the money; that Defendant's representative made misrepresentations regarding the Sanford account; and that Defendant withheld or confiscated checks from Sanford intended for Plaintiff.  Petition, ¶ 10.  The petition asserts claims for breach of contract, breach of fiduciary duty, rescission of the contract, and unjust enrichment.  Plaintiff also seeks a declaratory judgment regarding termination of the contract.

After the case was removed to this court, Plaintiff filed an Amended Complaint (Doc. 15), wherein he added claims for false or misleading advertising, trademark infringement, violation of Louisiana's Anti-Dilution Law, violation of right of privacy and/or right to publicity, abuse of the right to advertise, and legal fault for breach of duty.  Plaintiff later

filed a Second Amended Complaint (Doc. 23), which added an allegation that certain fees to be paid to Defendant under the contract are unconscionable.

Plaintiff's Third Amended Complaint (Doc. 43) amended Plaintiff's claim for alleged breach of fiduciary duty to include allegations that Defendant failed to fully inform Plaintiff of a dispute between Defendant and a major sponsor of Plaintiff. The Third Amended Complaint alleges that Plaintiff's major sponsor claimed to have direct evidence that Defendant impermissibly altered contract documents and engaged in fraud. Plaintiff alleges that Defendant had an obligation to advise Plaintiff of the dispute, and that the sponsor's claims, whether true or not, would place Plaintiff at a disadvantage in future negotiations with that sponsor.

**The Motion to Compel**

Plaintiff's Motion to Compel the deposition of Chad Campbell argues that Mr. Campbell has information regarding the allegations set forth in Plaintiff's Third Amended Complaint, namely that Cleveland Golf, a major sponsor of Plaintiff, accused Defendant of committing fraud by altering a contract between Cleveland Golf and Mr. Campbell. It is alleged in Plaintiff's briefs that the alteration was made to support a $400,000 invoice sent by Defendant to Cleveland Golf after Chad Campbell won a tournament and reached an alleged performance target. Plaintiff's Motion to Compel attaches copies of the Chad Campbell contract and correspondence between Cleveland Golf and Defendant regarding that

dispute. The letter from Cleveland Golf to Defendant alleging that Defendant altered Mr. Campbell's contract is attached to the Motion to Compel as Exhibit 8.

Plaintiff alleges that Defendant never disclosed the dispute to him, which denied him the right to terminate his relationship with Defendant. Plaintiff argues that Mr. Campbell's deposition is necessary, because he will have information regarding whether Defendant altered the contract. Plaintiff also argues that such information is relevant to Defendant's contention that Plaintiff's claims in this case are unique, fabricated and not the norm among Defendants' clients. Plaintiff also argues that Mr. Campbell will have information regarding an endorsement from Sharpie that Plaintiff claims was stripped from him and given to Mr. Campbell.

Defendant's opposition to the motion to compel argues that the information sought by Plaintiff from Mr. Campbell is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant contends that Plaintiff seeks to take the deposition of Mr. Campbell to advance an improper purpose – to interfere with Defendant's relationship with its other golf clients.

Defendant does not dispute that it had a "disagreement" with Cleveland Golf in connection with a provision in Mr. Campbell's endorsement contract with Cleveland Golf. <u>See</u> Defendants' Memorandum in Response to Plaintiff's Motion to Compel, p. 3. However, Defendant points out that Plaintiff already has deposed Rodney McDonald, a representative of Cleveland Golf, on that very issue. Defendant argues that the actual details of drafting and

negotiating Mr. Campbell's contract are irrelevant to Plaintiff's claims against Defendant in *this* case.

After considering all of the arguments of the parties, the court finds that Plaintiff's proposed deposition of Mr. Campbell is too far removed from any claim or defense in this case, and it should not be allowed. The briefs show that Plaintiff already has deposed Cleveland Golf and Defendant regarding the allegations that Defendant altered Mr. Campbell's endorsement contract. Insofar as the allegations of Plaintiff's Third Amended Complaint are concerned, what is relevant is whether Cleveland Golf was alienated by the dispute such that Plaintiff's position with Cleveland Golf was harmed. While discovery from Cleveland Golf on that point may be relevant, discovery from Chad Campbell is not. In the context of the actual claim pleaded in Plaintiff's Third Amended Complaint, the issue is what Defendant told (or did not tell) Plaintiff about the Cleveland Golf dispute and whether the dispute between Cleveland Golf and Defendant had any impact on the relationship between Cleveland Golf and Plaintiff. Plaintiff has not satisfied the court that a deposition of Mr. Campbell is reasonably likely to lead to any relevant evidence on those points.

Furthermore, Plaintiff has not shown any justification to depose Mr. Campbell regarding the Sharpie matter or to show that Plaintiff's complaints about Defendant are not unique. While Plaintiff alleges in his Memorandum in Support of his Motion to Compel that the Sharpie endorsement was stripped from him and presented to Mr. Campbell, the excerpts of the deposition of Plaintiff summarized in the briefs show that Plaintiff (not Sharpie)

terminated the Sharpie contract because Plaintiff was upset with Sharpie's handling of one of Plaintiff's endorsement checks. Accordingly, there is no reason to depose Mr. Campbell regarding the Sharpie endorsement. And to allow Plaintiff to depose other clients of Defendant based simply on the hope that Plaintiff might thereby uncover complaints of a nature similar to those made by him would push the limits of discovery too far.

For the foregoing reasons, Plaintiff's **Motion to Compel (Doc. 47)** is **denied.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this 14th day of August, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE